# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
HEATHER THOMAS,                    *
                                   *    No. 18-1948V
              Petitioner,          *    Special Master Christian J. Moran
                                   *
v.                                 *
                                   *    Filed: February 22, 2023
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *    Attorneys' Fees, Travel,
                                   *    Expert Invoices
              Respondent.          *
* * * * * * * * * * * * * * * * * * * *
```

<u>Anne C. Toale</u>, Maglio, Christopher and Toale, Sarasota, FL, for petitioner;
<u>Tyler King</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## PUBLISHED DECISION AWARDING
## <u>ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS</u>[1]

 Seeking compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012), Ms. Thomas claims that an influenza vaccine caused her to suffer Lambert-Eaton myasthenic syndrome.  Am. Pet., filed June 1, 2021.  Ms. Thomas's counsel of record is Ms. Anne Toale.

 Ms. Thomas moved for an award of attorneys' fees and costs on an interim basis, requesting $155,882.50 in fees and $34,741.44 in costs, for a total of

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  This posting will make the decision available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

$190,623.94.  Pet'r's Mot., filed July 15, 2022.  The Secretary deferred to the undersigned's assessment.

For the reasons that follow, **Ms. Thomas is awarded $157,301.27**.  An additional portion is deferred.

\*     \*     \*

Ms. Thomas's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, is Ms. Thomas eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, as a matter of discretion, should Ms. Thomas be awarded her attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

### A.     Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343 at 1352 (Fed. Cir. 2008). Since Ms. Thomas has not received compensation from the Program, she may be awarded "compensation to cover [her] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Hum. Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

### 1.     Good Faith

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Hum. Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Hum. Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has

not challenged Ms. Thomas's good faith here, and there is little doubt that Ms. Thomas brought the claim with an honest belief that a vaccine injury occurred.

> 2.   Reasonable Basis

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence.  Simmons, 875 F.3d at 636.  Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence.  See Chuisano v. Sec'y of Health & Hum. Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, Ms. Thomas supports the claim set forth in her petition with reports from an expert she retained, Andrew Pachner, a neurologist.  Dr. Pachner's reports are exhibits 28, 49 and 64.  These reports substantiate Ms. Thomas's reasonable basis.

## B.   Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352.  Instead, petitioners must demonstrate "undue hardship."  Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  The Federal Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In this case, however, an interim award of some amount appears appropriate.  Indeed, the proceedings have been ongoing for more than three years and Ms. Thomas's counsel has expended funds on multiple expensive expert reports.

These showings sufficiently demonstrate an undue hardship.  Accordingly, it is appropriate that she receive an interim award for her attorney's expenses through July 15, 2022.

## C.   Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

### 1.   Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895 n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[2]

---

[2] The Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Ms. Thomas proposes various rates for Ms. Toale, her associates, and staff. Given Mr. Toale's level of experience, the undersigned finds these rates to be reasonable.  See Scheffler v. Sec'y of Health & Hum. Servs., No. 19-260V, 2022 WL 16580270, at *4 (Fed. Cl. Spec. Mstr. Oct. 3, 2022).

> 2.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Ms. Toale's time entries generally provide adequate detail to assess reasonableness.  A few items are noteworthy.

Collecting Medical Records.  Paralegals appear to have spent a relatively large amount of time collecting medical records.  However, the undersigned is reluctant to find that the time spent is *excessively* large.  For example, medical providers may not respond to the first (or even the second or third) request for medical records and this lack of responsiveness prompts repeated inquiries.  Thus, no reduction is made for time spent on this task.  Nevertheless, Ms. Toale should instruct her paralegals to add more detail to their time entries to demonstrate the reasonableness of the activity.

Clerical Matters.  Paralegals have infrequently charged for some tasks that are clerical in nature, such as filing documents and scheduling phone calls.  These should not be charged at all. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). To accomplish rough justice, $300 is deducted.

Travel.  Before the coronavirus pandemic increased the use of videoconferencing, Ms. Toale traveled to meet her client.  See entries starting February 8, 2019.  Ms. Toale has charged for her time traveling (at a half-rate) and incurred expenses, which she split with another case.  Ms. Toale's travel is accepted as reasonable.

However, reimbursement for future trips to meet with clients (apart from preparing to testify) is not guaranteed.  Videoconferencing may be an adequate

way for attorneys and clients to communicate.  Many attorneys represent petitioners in the Vaccine Program without traveling for in-person meetings.  Thus, Ms. Toale and her colleagues are advised that costs associated with travel to meet clients apart from a hearing may not be reimbursed.

Pre-Adjudication Memorandum.  A May 26, 2021 order required that Ms. Thomas advocate why she is entitled to compensation.  Accordingly, Ms. Toale and another attorney spent the equivalent of multiple workdays preparing Ms. Thomas's brief.  See entries starting Aug. 13, 2021.  Ms. Toale and colleague wrote a strong brief.  See Order, issued Jan. 18, 2022 (noting disparity in the parties' briefs).  Ms. Toale and colleague also specified which portions of the briefs they were writing.  This level of detail promotes an understanding about the reasonableness of the activity.  Having instructed Ms. Toale to produce a quality submission, the undersigned sees no reason to reduce any of the hours spent.

Preparing the Fee Motion.  Beginning on May 23, 2022, a paralegal prepared (or reviewed) the motion for attorneys' fees and costs more than a dozen times.  Unlike the specificity found in the entries describing efforts to prepare the briefs, the paralegal's entries lack specificity.  As such, Ms. Thomas has not established the reasonableness of these activities.  An appropriate, if rough, adjustment is to reduce these activities by $1,700.

Accordingly, Ms. Thomas is awarded attorneys' fees in the amount of $153,882.50 ($155,882.50 - $300 - $1,700).

3.     Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  For attorneys' costs through July 15, 2022, Ms. Thomas requested $34,741.44, consisting of filing fees, acquiring medical records, travel expenses, mailings, legal research, and retaining and compensating Dr. Pachner.  See Exhibit 75.  The non-expert-related costs total $3,418.77.  Ms. Thomas has provided adequate documentation for these costs.

For the expert-related costs, Ms. Thomas has requested compensation for the expert fees of Dr. Pachner, totaling $31,322.67.  Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Chevalier v. Sec'y of Health & Hum. Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11,

2017).  A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work.  Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 218-25 (2009).

Two independent reasons support the deferral of reimbursement of costs for Dr. Pachner.  First, Ms. Thomas has not submitted any invoices detailing Dr. Pachner's work.  See Exhibit 75.  Without these invoices, Dr. Pachner's proposed rate is unknown and the reasonableness of his activities cannot be determined.  Thus, no award is appropriate without an invoice.  See Pickens v. Sec'y of Health & Hum. Servs., No. 17-187V, 2020 WL 414442, at *4 (Fed. Cl. Jan. 9, 2020) (denying motion for review of a decision not including an expert's fee in an interim award when the expert's invoice was not readable); Sabella, 86 Fed. Cl. at 222 (denying motion for review when special master refrained from compensating an expert for whom an invoice was not submitted).

Second, the undersigned has not heard Dr. Pachner testify.  Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible.  See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Hum. Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Hum. Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Hum. Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing).  Thus, the cost associated with Dr. Pachner is deferred.

## Conclusion

Accordingly, Ms. Thomas is awarded

**A lump sum of $157,301.27 in the form of a check made payable to Ms. Thomas and Ms. Thomas's attorney, Anne C. Toale.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a

motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).